UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT MONROE COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO,<br><br>    Defendant. | Case No.  5:24-cv-06383-EJD<br><br>**ORDER DENYING SOCIAL SECURITY APPEAL**<br><br>Re: Dkt. No. 14 |

Plaintiff Robert Monroe Cooper ("Plaintiff") appeals the Commissioner[1] of Social Security's ("the Commissioner") final decision denying disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Pl.'s Br., ECF No. 14. Plaintiff seeks an order reversing the administrative law judge's ("ALJ") decision and remanding the case for further administrative proceedings. *Id.* The Commissioner opposes Plaintiff's motion. Commissioner's Br., ECF No. 18. Having considered the parties' briefing and the record in this matter, the Court **DENIES** Plaintiff's motion.

The ALJ issued a decision finding Plaintiff not disabled on October 24, 2023. Administrative Record ("AR") 14–32, ECF No. 11. Relevant here, the ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations: the claimant can stand and walk for 4 hours total in an 8-hour workday; frequently climb ramps and stairs; occasionally work with exposure to unprotected heights, heavy moving machinery, and other hazards; and cannot work with even

---

[1] The Current Commissioner, Frank J. Bisignano, is automatically substituted as Defendant in place of his predecessor. Fed R. Civ. P. 25(d).

Case No.: 5:24-cv-06383-EJD
ORDER DENYING SOCIAL SECURITY APPEAL

1

> moderate exposure to extreme temperatures. In addition, he must stand or walk for 5 minutes after sitting for 3 hours.

*Id.* at 23. Based this RFC, a vocational expert ("VE") testified that Plaintiff could perform his past relevant work as a van driver. *Id.* at 50–51. After examining the VE's testimony and Plaintiff's description of his past work, the ALJ concluded that Plaintiff could work as a van driver as he "actually performed" the position. *Id.* at 27. Accordingly, the ALJ found Plaintiff not disabled. *Id.*

A court may reverse an ALJ's decision denying benefits "only if the decision was not supported by substantial evidence or is based on legal error." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

ALJs use a five-step evaluation process to decide whether a claimant is "disabled." 20 C.F.R. § 416.920(a)(1). The current dispute only concerns the fourth step, at which the ALJ considers the claimant's RFC and past relevant work. *Id.* § 416.920(a)(4)(iv). If the ALJ determines that the claimant can still perform their past relevant work despite any RFC limitations, they are not "disabled." *Id.* To determine whether a claimant can perform their "past relevant work" given their RFC limitations, the ALJ may rely on a variety of evidence including VE testimony and the claimant's testimony. *Id.* § 416.960(b)(2).

The term "past relevant work" means work performed *either* "as the claimant actually performed it *or* as it is generally performed in the national economy." *Tweedy v. Astrue*, 460 F. App'x 659, 661 (9th Cir. 2011) (emphasis in original). When examining how past work is "generally performed in the national economy," the ALJ may also rely on evidence from the Dictionary of Occupational Titles ("DOT"). *Id.* The DOT is a resource that details the specific requirements for different occupations. *Id.* However, when examining how work is "actually performed," the DOT becomes irrelevant. *Pruitt v. Comm'r of Soc. Sec.*, 612 F. App'x 891, 894 (9th Cir. 2015) ([I]t is irrelevant that the [DOT] states that receptionists must frequently reach but

Case No.: 5:24-cv-06383-EJD
ORDER DENYING SOCIAL SECURITY APPEAL
2

the ALJ found that Pruitt could only occasionally reach. The ALJ was evaluating whether Pruitt could perform her work as she actually performed it—with only occasional reaching—and not as it is generally performed."); *Tweedy*, 460 F. App'x at 661 (holding that if an "ALJ's conclusion regarding [] previous work, as actually performed, is supported by substantial evidence in the record, the Court need not address [] arguments regarding the DOT, which relates to the determination of how a job is generally performed in the national economy.").

Plaintiff argues that the ALJ erred by failing to resolve apparent conflicts between the VE's testimony and the DOT's description of the "van driver" position, as required by Social Security Ruling ("SSR") 00-4p.[2] Pl.'s Br. 1 (presenting as the only issue for review whether "[t]he ALJ's RFC limitation of occasionally working with heavy moving machinery conflicts with the Dictionary of Occupational Titles description of the 'van driver' position . . . "). However, the ALJ concluded that Plaintiff could perform past relevant work "as actually performed," not "as generally performed in the national economy." AR 27 ("The claimant is capable of performing past relevant work as a van driver as the job was *actually performed*.") (emphasis added). Pursuant to *Pruitt* and *Tweedy*, the DOT is irrelevant to examining how a claimant's past relevant work was "actually performed." *See Pruitt*, 612 F. App'x at 894; *Tweedy*, 460 F. App'x at 661.

Therefore, the Court finds that the ALJ was not required to resolve conflicts with the VE's testimony and the DOT and accordingly **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: August 8, 2025

EDWARD J. DAVILA
United States District Judge

---

[2] The Social Security Administration also rescinded SSR 00-4p on January 6, 2025. SSR 24-3p.

Case No.: 5:24-cv-06383-EJD
ORDER DENYING SOCIAL SECURITY APPEAL
3